McNALLYLAW, L.L.C.
Stephen B. McNally, Esq.
93 Main Street, Suite 201
Newton, New Jersey 07860
(973) 300-4260
Attorneys for Anna Manukian Aslanian

**Order Filed on August 22, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------x
In re :                                                         :    Chapter 13
                                                                :
  ANNA MANUKIAN ASLANIAN,                                       :    Case No: 23-18894 (JKS)
                                                                :
              Debtor.                                           :
-----------------------------------------------------------------x

**ORDER PERMITTING SALE OF 413 THE FENWAY,
RIVER EDGE, NEW JERSEY UNDER 11 U.S.C. § 363(b)**

The relief set forth on the following pages numbering two (2) through five (5), is hereby **ORDERED**.

DATED: August 22, 2024

_____
Honorable John K. Sherwood
United States Bankruptcy Court

**THIS MATTER** having been opened to the Court by Anna Manukian Aslanian, debtor in the above-captioned title 13 case (the "Debtor"), by and through her attorneys McNallyLaw, L.L.C., upon the filing of the Debtor's Motion for Order Permitting Sale of 413 The Fenway, River Edge, New Jersey (the "Property") under Section 363(b) of Title 11 of the United States Code (the "Bankruptcy Code") (the "Motion"); and the Motion having been served upon all requisite secured creditors and parties-in-interest herein; and upon consideration of the Certification of Anna Manukian Aslanian in Support of Motion for Authority to Sell 413 The Fenway, River Edge, New Jersey Under Sections 363(b) (the "Aslanian Certification"); and upon consideration of the objection to the Motion filed on behalf of Vatche "Kevin" Aslanian (the "Vatche Objection"); and the parties having negotiated and resolved the Vatche Objection under the terms set forth in this order; and it having been determined after hearing on notice that the requirements for the sale of assets under sections 363(b) of the Bankruptcy Code have been met; it is

**ORDERED** that the Debtor be, and hereby is, authorized pursuant to section 363(b) of the Bankruptcy Code to sell her interest in the Property NJ North Development, LLC, or the nominee thereof to be formed, under the Agreement of Sale, as Amended, attached as Exhibit "A" to the Aslanian Certification (collectively, the "Agreement of Sale"); and it is further

**ORDERED** that the liens of secured creditors (i) Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust X-A (f/k/a AJAX E MASTER TRUST, I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee), serviced by Gregory Funding ("Gregory Funding"), and (ii) Discover Bank, shall be paid in full directly from the closing proceeds by the settlement agent, pursuant to proper pay off quotes obtained from said lenders prior to the closing and good through the closing date; and it is further

**ORDERED** that the claims and liens of judgment creditors (i) Cohn Lifland Pearlman Hermann & Knopf; and (ii) Finnerty Canda & Concannon, P.C. (collectively, the "Judgment Creditors") shall each be paid the sum of $22,000.00 in full satisfaction of the claims and judgment liens of these creditors from the closing proceeds by the settlement agent. The Judgment Creditors shall escrow personal releases for the Debtor and Mr. Aslanian as well as cancellations and discharges of their judgments with the settlement agent prior to closing, which the settlement agent shall record upon closing and provide executed copies thereof of to counsel for the Debtor and Mr. Aslanian. Upon payment of these amounts, pursuant to 11 U.S.C. §363(f), the sale of the Property shall be free and clear of any lien, claim or encumbrance associated with these judgment liens; and it is further

**ORDERED** that in accordance with N.N.J. LBR 6004-5, the *Notice of Proposed Sale* included a request to pay Christie's International Real Estate Group at closing. Therefore, the following professionals may be paid at closing:

| | |
|---|---|
| Name of Professional: | Christie's International Real Estate Group plus participating broker; |
| Amount to be paid: | 4% of sale price, calculated as $24,480.00 based upon a sale price of $612,000 |
| Services Rendered: | List and Show Property and obtain contract of sale with prospective purchaser |

**ORDERED** that other closing costs payable by the Debtor, including the realty transfer fee, title costs, recording charges and normal and necessary adjustments may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract may be made at the closing; and it is further

**ORDERED** that from the sale proceeds the balance due to complete the Debtor's Chapter 13 Plan must be paid to the Chapter 13 Trustee in the Debtor's case plus an additional

$10,000 which shall be applied against professional fees and Trustee commissions as may be hereafter allowed; and it is further

**ORDERED** that the net proceeds of the sale, after satisfaction of the aforesaid obligations, shall be distributed by the settlement agent as follows:

(i)      to the Debtor - $27,900 on account of the Debtor's homestead exemption pursuant to 11 U.S.C. §522(d)(1);

(ii)     to the Debtor - $5,000 for moving costs;

(iii)    to Vatche Aslanian, an amount equivalent to the sum of $27,900 plus the balance to complete the Debtor's Chapter 13 Plan (which is estimated to be approximately $17,000, including the $10,000 professional fee and trustee commission reserve set forth above);

(iv)    the balance deposited into a joint bank account to be opened in the names of Armen Aslanian, Aren Aslanian, and Arine Aslanian, the children of the Debtor and Mr. Aslanian, in which the two older children (Armen and Aren) shall be the joint signatories, said funds not to be utilized for rent, including the Debtor's future rent;

and it is further

**ORDERED** that this Order further authorizes the sale of the interest in the Property of the Aslanian Living Trust, of which the Debtor and Mr. Aslanian are co-trustees, and obligates the Debtor and Vatche Aslanian to cooperate with the sale of the Property, including executing all documents necessary to facilitate the transfer of their interests as well as the interest of the Aslanian Living Trust in the Property. The Debtor and Mr. Aslanian both confirm that sale of the Property and the proposed distributions of sale proceeds comply with the intent and purpose of the Aslanian Living Trust; and it is further

**ORDERED** that a copy of the HUD Settlement Statement must be forwarded to the Chapter 13 Trustee within seven (7) days after closing; and it is further

**ORDERED** that this sale order shall be effective immediately upon entry, notwithstanding any stay hereon imposed by Bankruptcy Rule 6004(h) or any other applicable provision of the Bankruptcy Code. Closing shall take place within ninety (90) days unless extended by further Order of this Court.

*The remainder of the page is intentionally left blank.*